IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRAKA
OMAHA DIVISION

| | |
|---|---|
| ANDRE J. BAHOU, § § PLAINTIFF § § v. § § PRISM TECHNOLOGIES GROUP, INC., § PRISM TECHNOLOGIES LLC, § GREGORY J. DUMAN, L. ERIC LOEWE, § STEVEN J. YASUDA, AND § HUSSEIN A. ENAN, § § DEFENDANTS § | CASE NO. 8:17-CV-00462 JURY TRIAL REQUESTED MOTION FOR PERMISSION TO SEAL PENDING |

## MOTION FOR PERMISSION TO SEAL

Pursuant to FED. R. CIV. P. 5.2(d) and NECivR 7.5, Plaintiff Andre J. Bahou ("Bahou") files this Motion for Permission to Seal Plaintiff's Original Complaint against Defendants Prism Technologies Group, Inc. ("Prism Group"), Prism Technologies LLC ("Prism LLC") (collectively, "Prism"), Gregory J. Duman ("Duman"), L. Eric Loewe ("Loewe"), Steven J. Yasuda ("Yasuda"), and Hussein A. Enan ("Enan") (these individuals are collectively referred to as the "Individual Defendants") (Prism Group, Prism LLC, and the Individual Defendants are collectively referred to as "Defendants") for breach of contract, violation of the Nebraska Wage Payment and Collection Act, and other tortious conduct, and would show the Court as follows:

This a breach of contract, failure to pay wages, and tortious interference case that arises from a March 20, 2015 Employment Agreement between Plaintiff and Defendant Prism

Technologies Group, Inc.[1] ("Agreement"). A true and correct copy of the Agreement is attached to Plaintiff's Original Complaint as Ex. 1.

The Agreement contains a provision requiring Bahou to strictly maintain the confidentiality of certain information. More specifically, the Agreement states as follows:

> 9. Unauthorized Disclosure. During the term of his employment hereunder, or at any later time, Executive shall not, without the written consent of IPC (except as may be required pursuant to a subpoena or other legal process), knowingly disclose to any person, other than an employee of IPC or a person to whom disclosure is reasonably necessary or appropriate in connection with the performance by Executive of his duties as an executive of IPC, *any material confidential information obtained by him while in the employ of IPC with respect to any of IPC's or any of their subsidiaries'* services, products, improvements, formulas, designs or styles, *processes,* customers, *methods of business or any business practices the disclosure of which could be or will be damaging to IPC;* provided, however, that confidential information shall not include (i) any information known generally to the public (other than as a result of unauthorized disclosure by Executive or any person with the assistance, consent or direction of Executive), (ii) any information of a type not otherwise considered confidential by persons engaged in the same business or a business similar to that conducted by IPC or any information that must be disclosed as required by law, (iii) any information that, at the time of disclosure is, or thereafter becomes available to Executive on a non-confidential basis from a third-party source, provided that, to Executive's knowledge, such third party is not and was not prohibited from disclosing such confidential information to Executive by any contractual obligation, (iv) any information that was known by or in the possession of Executive prior to being disclosed by or on behalf of IPC or any of their subsidiaries and (v) any information that was or is independently developed by Executive without reference to or use of any of such confidential information.

Compl. Ex. 1, ¶ 9 (emphasis added).

---

[1] The Agreement is between Bahou and Internet Patents Corporation ("IPC"). IPC formally changed its name to Prism Technologies Group, Inc. on September 14, 2015. Prism is an intellectual property licensing, technology research and development company. Its shares are publicly traded.

**MOTION FOR PERMISSION TO SEAL – Page 2**

Although Bahou does not necessarily concede that the facts alleged in Plaintiff's Original Complaint fall within the categories of "any material confidential information obtained by him while in the employ of IPC with respect to any of IPC's or any of their subsidiaries'… processes [or] methods of business or any business practices the disclosure of which could be or will be damaging to IPC," in an abundance of caution, Bahou respectfully requests that the Court seal Plaintiff's Original Complaint.

Sealing is required to protect Confidential Business Information as defined by the Agreement. Although some of the information in the complaint can be found in public sources, such as publicly-filed shareholder reports, other information, and the conclusions Bahou draws based upon such information, has not necessarily been made public. The public and arguably non-public factual allegations are so intertwined that separation of such allegations to allow for redaction is not feasible. Redaction is not appropriate because, if Bahou were to redact portions of the complaint containing arguably protected information, portions of the complaint would be rendered virtually incomprehensible.

Bahou anticipates that Prism and the Individual Defendants will not oppose the sealing of Plaintiff's Original Complaint. However, if Prism and the Individual Defendants will stipulate that the matters alleged in Plaintiff's Original Complaint are not within the scope of Section 9 of the Employment Agreement, Bahou will withdraw the instant motion.

Accordingly, Bahou requests that the Court order Plaintiff's Original Complaint sealed pursuant to FED. R. CIV. P. 5.2(d), and such other and further relief, whether legal or equitable, to which Bahou may be justly entitled.

Respectfully submitted,

/s/ Kevin S. Mullen
KEVIN S. MULLEN
Texas Bar No. 24032892

**THE MULLEN FIRM PLLC**
3801 N. Capital of Texas Hwy.
Suite E-240/604
Austin, Texas 78746
Telephone: 512.537.7959
kevin@themullenfirm.com

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document will be served on all Defendants upon the same date that Defendants are served with Plaintiff's Original Complaint.

/s/ Kevin S. Mullen
KEVIN S. MULLEN