## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

ANDRE J. BAHOU,

              PLAINTIFF

v.

PRISM TECHNOLOGIES GROUP, INC.,
PRISM TECHNOLOGIES LLC,
GREGORY J. DUMAN, L. ERIC
LOEWE, STEVEN J. YASUDA, and
HUSSEIN A. ENAN,

              DEFENDANTS

8:17CV462

JOINT STIPULATED
PROTECTIVE ORDER

      THIS MATTER came on for consideration pursuant to the agreement of the Parties herein, as evidenced by the signatures of their respective counsel below, for entry of a protective order to preserve the confidentiality of certain documents and records to be exchanged between the Parties.

      Being fully advised on the premises and pursuant to Federal Rule of Civil Procedure 26, the Court hereby **ORDERS** that the following terms and procedures shall govern the handling of confidential, trade secret, and/or proprietary information produced by any Party, the third party, or witness in this action:

      1.    **Confidential Information.** "Confidential Information" means any document or tangible object (including but not limited to electronic files, electronic mail, photographs, voicemails, videotape recordings, plans, drawings and designs), discovery response, or transcript, and information contained in each, that a Party or its counsel determines in good faith contains confidential financial information, personal identifying information, sensitive personal information, personal identifying numbers, home street addresses, medical or psychological records, employment history, individual financial information, education records, protected health information, trade secrets, proprietary information, confidential business information, or other information which a Party is under a legal obligation to protect and preserve its confidentiality, including combinations of personally identifiable information (PII) when linked with other information such as education information, medical information, biometric data, etc.

      2.    **Designation of Confidential Information.** Documents and things produced by any Party or non-party which contain Confidential Information shall be designated as such by

marking each page of the document or thing or each file name of any electronically produced material at or before the time of production substantially as follows: **CONFIDENTIAL.**

3. **Use of Designated Documents and Information.** Any information designated as **CONFIDENTIAL** shall not be disclosed by any Party to this action to any persons or entities except as provided herein or as provided upon further Order of this Court. Any information designated as **CONFIDENTIAL** shall not be used by the non-designating Party for any purpose other than in connection with this action except with leave or order of a Court.

Nothing herein shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party separate and apart from this litigation and the events leading up to this litigation or from using or disclosing its own Confidential Information as it deems appropriate. Nothing in this Order relieves the Parties from any obligation in existence prior to the entry of this Order to maintain the confidentiality of documents, information, and communications previously provided or to be provided to the Parties.

4. **Third Party Production.** All documents called for by subpoenas to a non-party or otherwise produced by a non-party shall be presumed designated as **CONFIDENTIAL** pursuant to this Protective Order and treated as such, unless otherwise agreed by the Parties or ordered by the Court. The presumption expires fourteen (14) days after all Parties have received the third-party production unless within that time a Party to this case or the Party producing the documents designates the documents **CONFIDENTIAL** pursuant to this Order.

5. **Access to Confidential Information.** Access to information designated as **CONFIDENTIAL** is limited to:

(a) The Court, court personnel, jurors, court reporters, stenographers, videographers, any mediator or arbitrator selected with consent of all parties or by the Court, the parties and any insurer of any party, and the attorneys and their law firms of record in this action and any associated counsel, stenographic, clerical or paralegal employees of those attorneys to whom it is necessary that the information be disclosed for purposes of this action, and vendors retained by the Parties or their attorneys to provide litigation support services in this action and the employees of said vendors. Persons identified in this subparagraph (a) need not sign the confidentiality Agreement attached hereto as **Exhibit A.**

(b)  Independent experts or consultants employed by a Party or its attorneys of record in this action who agree in writing to be bound by the terms of this Protective Order.  The independent expert or consultant must read this Protective Order and complete and sign the Confidentiality Agreement attached hereto as **Exhibit A.**  Any such form signed by an expert or consultant shall be kept in the respective counsel's file until the time for disclosure of such experts and/or consultants, if applicable.

(c)  The individual Parties and corporate officers and employees of the Parties who have responsibility for managing or working on this case, including but not limited to in-house attorneys and related support staff.

(d)  The author or recipient of a document, as reflected on either the face of the document or on the face of a communication attaching a document (not including a person who only received the documents in the course of this litigation or through other means).  To the extent that a version of a document designated as **CONFIDENTIAL** is shared with such author or recipient, the document shall remain Confidential Information, and such other or recipient shall complete and sign the Confidentiality Agreement attached hereto as **Exhibit A** unless such author or recipient is a person who is otherwise permitted access to Confidential Information under this Paragraph 5.

(e)  Any non-party testifying as a deponent or trial witness and who may be shown or testify regarding Confidential Information shall complete and sign the Confidentiality Agreement attached hereto as **Exhibit A.**

(f)  Any other person by agreement of the Parties or by Order of the Court, after notice to all parties.  Any person designated under this subparagraph must read this Protective Order and complete and sign the Confidentiality Agreement attached hereto as **Exhibit A.**

6.  **Depositions.**  Information disclosed at the deposition of any person may be designated as **CONFIDENTIAL** by indicating on the record at the deposition or within thirty days from the receipt of the transcript the portions of the deposition which are designated **CONFIDENTIAL.** The entire deposition shall be treated as Confidential until the thirty-day period has lapsed.  After the expiration of the thirty days, only those portions of the deposition transcript designated as containing **CONFIDENTIAL** information are subject to this Protective Oder.

Information designated as **CONFIDENTIAL** and marked as an exhibit may be shown to a witness who is not otherwise permitted access to Confidential Information under Paragraph 5 during the course of testifying at a deposition. If a document designated as **CONFIDENTIAL** is shown to such a witness, the document shall remain Confidential Information, and such witness shall complete and sign the Confidentiality Agreement attached hereto as **Exhibit A.** Such witness shall not retain a copy of documents containing Confidential Information, except he or she may review a copy of all exhibits marked at his or her deposition in connection with review of the transcript to complete the review allowed by Rule 6-330 of the Nebraska Court Rules of Discovery in Civil Cases. Such review shall be completed at a location and in a manner that ensures compliance with this Protective Order, including this paragraph, on terms to be agreed to by the Parties or ordered by the Court.

7.      **Challenge to Designations.** A Party shall not be obligated to challenge the propriety of any designation for protection at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge. If any Party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the Party objecting to the designation may file a motion for appropriate relief from this Court, following any requisite pre-motion conference with the Court pursuant to local rules, within two weeks of the attempt to resolve the dispute. The Party seeking to protect information shall have the burden of proving the appropriateness of the level of protection sought. All Parties shall continue to treat any information designated as **CONFIDENTIAL** consistent with the terms of this Protective Order pending any motion to challenge such a designation and until such designation is altered or amended by Order of this Court or agreement of the Parties.

8.      **Inadvertent Failure to Designate.** The inadvertent or unintended disclosure of **CONFIDENTIAL** information pursuant to discovery in this lawsuit shall not be a waiver of a subsequent claim of protected treatment under this Protective Order, either as to the specific information and/or documents, provided that written notice of the claim of confidentiality is given to all counsel of record in this action within thirty days following the initial disclosure.

9.      **Submissions to the Court.** A Party may not disclose material designated as **CONFIDENTIAL** in any court filing without requesting that such material be received under seal or with access restricted only to parties of this case.

10. **Compelled Disclosure.** If any Party in possession of documents designated **CONFIDENTIAL** receives a subpoena or request for information designated **CONFIDENTIAL** pursuant to this Order, then that Party shall: (a) notify all Parties to this litigation and the Party that designated the material **CONFIDENTIAL,** and (b) not respond to the subpoena or other discovery request before the date by which a response is required. If the designating Party files a motion to preclude disclosure or protect the information prior to the date by which a response to the subpoena is required, then the information shall not be produced until the court rules. The designating Party shall bear the burden and expense of seeking protection of its confidential material, and nothing in these provisions authorizes a receiving Party in this action to disobey a lawful directive from another court.

11. **No Waiver of Privilege for Inadvertent Production.** If a Party inadvertently produces information subject to a claim of attorney-client privilege or attorney work product protection, that disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that would otherwise be available.

If a claim of inadvertent disclosure is made, the receiving Party shall, within five business days, return or destroy all copies of the inadvertently disclosed information and provide a certification of counsel that all such inadvertently disclosed information has been returned or destroyed. The inadvertently disclosed information shall thereafter be included, as appropriate, on a privilege log, and the other Party shall remain free to challenge the claim that the information is privileged.

12. **Disclosure of Confidential Information by Consent or Court Order.** Nothing shall prevent disclosure beyond the terms of this Order if the Party designating the information as **CONFIDENTIAL** consents, in writing, to the disclosure or, if the Court, after notice to all parties, orders such disclosure.

13. **Use of Confidential Information at Trial or Hearing.** Except as provided in Paragraph 10 of this Order, nothing in this Order shall be construed to affect the use of any document, material, or other information designated as **CONFIDENTIAL** at any trial or hearing.

14. **Conclusion of Litigation.** Not later than one hundred and twenty (120) days after the conclusion of this action, including appeal, by entry of a final order, any originals or reproductions of any documents designated as **CONFIDENTIAL** information shall be returned

to the designating Party or destroyed. The provisions of this Paragraph 14 do not apply to pleadings, deposition transcripts or exhibits, or attorney-work product. If the **CONFIDENTIAL** information is destroyed rather than returned to the designated Party, the non-designating Party must provide written confirmation of the destruction of the **CONFIDENTIAL** information to the designating Party. Counsel may retain copies of **CONFIDENTIAL** information on their document management systems in accord with bona fide document retention policies.

15. The designation of any material in accordance with this Order as constituting or containing **CONFIDENTIAL** information is intended to facilitate the preparation and trial of this action and to protect such information from being used outside of this litigation to the detriment of any of the parties. Treatment of such designated material by counsel of record for named parties in conformity with such designation shall not be an admission or agreement by any Party that the designated material constitutes or contains any confidential or proprietary information.

16. The Parties agree to be bound by the terms of the Confidentiality Agreement set forth above regardless of whether, or when, the Court enters this Protective Order.

17. This Order can be modified by the Court at any time upon good cause shown and following notice to all Parties and opportunity for them to be heard.

DATED this _28th_ day of January, 2019.

**BY THE COURT**

s/ Michael D. Nelson
_____
The Honorable Michael D. Nelson
United States Magistrate Judge

Submitted by and agreed to:

This 28th day of January, 2019                    This 28th day of January, 2019

PRISM TECHNOLOGIES GROUP, INC.,                    ANDRE J. BAHOU, Plaintiff
PRISM TECHNOLOGIES LLC,
GREGORY J. DUMAN, L. ERIC LOEWE,
STEVEN J. YASUDA, and HUSSEIN A.
ENAN, Defendants

By:_/s/ Bonnie M. Boryca_____                    By:_/s/ Kevin S. Mullen_____
Bonnie M. Boryca, #24886                              Kevin S. Mullen, Texas Bar No. 24032892
Erickson | Sederstrom, P.C.                           The Mullen Firm PLLC
10330 Regency Parkway Drive, Suite 100                3801 N. Capital of Texas Hwy.
Omaha, NE 68114                                       Suite #-240/604
boryca@eslaw.com                                      Austin, TX 78746
                                                      kevin@themullenfirm.com

**EXHIBIT A**
**CONFIDENTIALITY AGREEMENT**

1.     I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as **CONFIDENTIAL** within the terms of the Protective Order entered in the action entitled ANDRE J. BAHOU v. PRISM TECHNOLOGIES GROUP, INC., PRISM TECHNOLOGIES, LLC, GREGORY J. DUMAN, L. ERIC LOEWE, STEVEN J. YASUDA, and HUSSEIN A. ENAN, Case No. 8:17-CV-00462, in the United States District Court for the District of Nebraska.

2.     I have read the aforementioned Protective Order and agree to be bound by it.

3.     I hereby agree to submit to the jurisdiction of the United States District Court for the District of Nebraska for enforcement of this Protective Order.

4.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____

_____
Signature

_____
Name

_____
Title

_____
Address

_____
Phone Number

STATE OF _____   )
                                ) ss.
COUNTY OF _____   )

SUBSCRIBED and SWORN to before me this _____ day of _____, 2019.

_____
Notary Public